IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3170-D

| | | |
|---|---|---|
| THEODORE J. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 27, 2012, Theodore J. Williams ("Williams" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 [D.E. 1], along with a "writ to sue" [D.E. 2]. Williams proceeds pro se and in forma pauperis [D.E. 5]. On August 31, 2012, Williams filed a motion to amend his complaint and a motion for a temporary restraining order [D.E. 3–4]. Between September 4 and October 10, 2012, Williams filed additional materials in support of his complaint [D.E. 7, 10–11]. As explained below, the court grants the motion to amend the complaint, denies the motion for a temporary restraining order, and dismisses the action without prejudice.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro

se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend its pleading once as a matter of course within twenty-one days after service or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). Because Williams's complaint is subject to review under section 1915A, no defendant has been served. Accordingly, Williams's motion to amend [D.E. 3] is granted, and the court reviews all of his filings together with the original complaint to determine whether Williams has stated a claim upon which relief may be granted.

Williams is incarcerated at Johnston Correctional Institution ("Johnston"). Compl. [D.E. 1] 2. Williams alleges that on April 5, 2012, three Johnston correctional officers "emptied (3) cans of pepper spray in [his] eyes" while he was handcuffed. Id. 3. Williams filed a grievance, and received his step two (of three) response on October 5, 2012. See Grievance Resp. [D.E. 11-1]. Thus, Williams clearly did not exhaust the grievance process prior to commencing this action.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner

2

. . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Moore v. Bennette, 517 F.3d 717, 729–30 (4th Cir. 2008); Ford v. Johnson, 362 F.3d 395, 398–99 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

When it is plain from the complaint that an inmate filed suit early, the court may dismiss the action without prejudice. See, e.g., Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 681–82 (4th Cir. 2005). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Here, Williams admits that he failed to fully exhaust administrative remedies before commencing this action. Thus, the court concludes that dismissal without prejudice is appropriate.

As for Williams's motion for a temporary restraining order [D.E. 4], Williams seeks suspension of the correctional officers without pay pending investigation by the State Bureau of Investigation and for the State Bureau of Investigation "to serve its full investigation process on the above complaint." Id. 1. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order

3

if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A temporary restraining order "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22. Williams has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Williams has not met his burden of proof. Accordingly, the court denies Williams's motion for a temporary restraining order [D.E. 4].

In sum, the court GRANTS plaintiff's motion to amend [D.E. 3], and DENIES plaintiff's motion for a temporary restraining order [D.E. 4]. The court DISMISSES the action [D.E. 1] without prejudice for failure to exhaust administrative remedies.

SO ORDERED. This _19_ day of October 2012.

JAMES C. DEVER III
Chief United States District Judge

4

Case 5:12-ct-03170-D   Document 13   Filed 10/19/12   Page 4 of 4